## H. V. KELL CO. v. UNITED STATES.
### No. M–41.

Court of Claims.
Dec. 7, 1936.

[1] No opinion for publication.

Francis R. Lash, of Washington, D. C. (Francis C. Stetson, of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover $9,704 taxes assessed for the calendar year 1917 and not paid until January 27, 1926, when it is alleged collection was barred by the statute of limitations.

The findings show that plaintiff filed four claims for abatement of its taxes for 1917. The first three claimed the right to assessment of its taxes under the special relief provisions of section 210 of the Revenue Act of 1917 (40 Stat. 307). The fourth referred to a deficiency of $17,163.11 and the disallowance of a portion of the salaries paid. Thereafter, plaintiff's tax liability for 1917 was redetermined under the provisions of section 210 of the Revenue Act of 1917 and an overassessment determined which was abated on a schedule dated December 21, 1922. As plaintiff still disputed the amount of its tax liability for 1917, the representatives of plaintiff and defendant in 1925 held conferences with reference to it. On September 16, 1925, plaintiff executed a collection waiver which provided it was to remain in effect until December 31, 1926, but which was never signed by the Commissioner. Shortly after the filing of the waiver, plaintiff was advised in substance that the claim for the abatement of $17,163.11 for 1917 would be reopened for further con-

siderarion, and on November 13, 1925, plaintiff was further advised as a result of a redetermination of its tax liability under section 210 of the Revenue Act of 1917 that its claim for abatement of $17,163.11 would be rejected for $11,662.25 and allowed for $5,-500.86. This allowance was based on a determination of plaintiff's total tax under the assessment provisions of section 210 at $24,-600.31. The amount allowed was abated on a schedule of these proceedings dated December 4, 1925. The balance of the original tax assessed but unpaid for 1917 in the amount of $9,704 was paid by plaintiff on January 27, 1926, pursuant to notice and demand.

It is quite clear that this case comes under section 611 of the Revenue Act of 1928 (45 Stat. 875) providing that where a claim in abatement was filed and the collection of any part of the tax stayed the payment of such part "shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection." The meaning of this provision is so clearly explained by the Supreme Court in Graham & Foster v. Goodcell, 282 U.S. 409, 51 S.Ct. 186, 75 L. Ed. 415, as to require nothing further.

It is contended on behalf of plaintiff that it was not disputing all of the tax but only a special part thereof and the portion of the tax which was paid was not included therein. Plaintiff made different claims, but the action of the Commissioner was stayed under all of them. In the first three claims for abatement he was requested to apply the provisions of section 210 of the Revenue Act of 1917 and he did so. The fourth claim for abatement applied to the deficiency alone. But none of these claims could be or were determined until a calculation had been made of all of plaintiff's taxes and the final computation and determination were not made until December 4, 1925. All of this delay resulted from the action of plaintiff in filing these claims for abatement. Not only was the collection of the tax "stayed" within the meaning of the law by the filing of the last claim in abatement but plaintiff obtained a reduction in its tax thereby and is now in no position to claim the benefit of the statute of limitations.

What is said above renders it unnecessary to consider whether the waiver filed was valid. The petition of plaintiff must be dismissed, and it is so ordered.